UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERN UNLIMITED, INC.,<br><br>               Plaintiff,<br><br>v.<br><br>LAZER SPORT NV and QUALITY BICYCLE PRODUCTS, INC.,<br><br>               Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff Bern Unlimited, Inc. for its complaint against defendant Lazer Sport NV and Quality Bicycle Products, Inc., states as follows:

## PARTIES

1. Plaintiff Bern Unlimited, Inc. ("Bern") is a Massachusetts corporation with its principal place of business in Kingston, Massachusetts.

2. Upon information and belief, defendant Lazer Sport NV ("Lazer Sport") is a Belgium corporation with its principal place of business in Antwerp, Belgium.

3. Upon information and belief, defendant Quality Bicycle Products, Inc. ("QBP") is a Minnesota corporation with its principal place of business in Bloomington, Minnesota.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

5. Venue is proper in this court pursuant to 28 U.S.C. §§1391(b) and 1400(b).

## FACTS

6. Bern is the owner by assignment of United States Design Patent Nos. D685,137, issued on June 25, 2013 (the "'137 Patent"), and D685,138, issued on June 25, 2013 (the "'138 Patent"), which are directed to ornamental designs for a helmet. Copies of the '137 and '138 Patents are attached as Exhibits A and B.

7. Bern makes and sells a line of bicycle helmets that incorporates the designs of the '137 and '138 Patents. Copies of pages from Bern's website, which show an example of these helmets, are attached as Exhibit C.

8. Lazer Sport has made, used, offered for sale and/or sold a helmet known as the CityZen, and is continuing to do so. A copy of a page from the website www.lazersport.com, which shows a photograph of the CityZen, is attached as Exhibit D.

9. Defendant QBP is Lazer Sport's distributor in the United States, and has used, offered for sale and/or sold Lazer Sport's CityZen helmet, and is continuing to do so.

10. By making, using, offering for sale and/or selling the CityZen, Lazer Sport and QBP have infringed, and are continuing to infringe, the '137 and '138 Patents.

11. Upon information and belief, Lazer Sport's and QBP's infringement is willful.

## COUNT I
(Infringement of '137 Patent – 35 U.S.C. §281)

12. Bern repeats and realleges paragraphs 1 through 9 as if fully set forth herein.

13. Lazer Sport and QBP have infringed, and are continuing to infringe, the '137 Patent.

## COUNT II
(Infringement of '138 Patent – 35 U.S.C. §281)

14. Bern repeats and realleges paragraphs 1 through 11 as if fully set forth herein.

15. Lazer Sport and QBP have infringed, and are continuing to infringe, the '138 Patent.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Bern Unlimited, Inc. requests judgment as follows:

1. Enjoining Lazer Sport and QBP from further infringement of the '137 and '138 Patents;

2. Awarding Bern damages in an amount to be proven at trial;

3. Awarding Bern multiple damages, costs and attorneys' fees pursuant to 35 U.S.C. §285; and

4. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Bern Unlimited, Inc. demands a trial by jury of all issues so triable.

Dated: August 9, 2013

Respectfully submitted,

BERN UNLIMITED, INC.,

By its attorneys,

/s/ David S. Godkin
David S. Godkin (BBO#196530)
Andrew A. Caffrey, III (BBO#660481)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100
godkin@birnbaumgodkin.com
caffrey@birnbaumgodkin.com